PER CURIAM.
Plaintiff appeals from a Tax Court judgment dismissing its complaint seeking a refund of the tax that was incurred as a result of a deemed asset sale to it of the stock in a wholly-owned New Jersey subsidiary of U.S. Home Corporation (U.S. Home). We affirm.
On June 24, 1988, U.S. Home, a Delaware corporation with its principal place of business in Houston, Texas, sold all of the stock of Dee Wood, its wholly-owned New Jersey subsidiary, to plaintiff, General Building Products Corporation, a New York corporation with its principal place of business in that state, for $16,800,000. Pursuant to the contract of sale, U.S. Home and Dee Wood made the federal election under IRC § 338(h)(10). The Section 338(h)(10) election allows the parent company, U.S. Home, and the buyer of the subsidiary, plaintiff, jointly to make the election to avoid double taxation. Under the election, the parent’s sale of the subsidiary stock is treated as if the subsidiary sold its assets directly to the buyer; the subsidiary recognizes the appreciation of its assets as gain and pays taxes on that gain, while the parent transfers the subsidiary stock to the buyer without recognizing any gain or paying any tax. Although nominally attributable to the subsidiary, the gain would appear on the consolidated return that the parent and subsidiary would file for the “short year” ending on the date of the sale, and the tax on it would be paid as part of the one remittance the parent and subsidiary would make for their aggregate tax liability.
Dee Wood filed its New Jersey Corporation Business Tax Return for the period of January 1 to August 12,1988, as if it had *215 sold its assets to plaintiff, declaring $3,603,975 in gain and a resulting tax liability of $324,357.57. Following the sale, in November 1988, Dee Wood was merged into plaintiff.
The Mareh/April 1989 issue of the New Jersey State Tax News, reported defendant had announced it would not recognize IRC § 338(h)(10):
An accounting firm inquired about the Division of Taxation’s treatment of a Federal election made under Internal Revenue Code Section 338(h)(10)----
The Division pointed out that the New Jersey Corporation Business Tax Act (1945) does not allow for consolidated returns. New Jersey’s Administrative Code, N.J.A.C. 18:7-11.15(b), provides in pertinent part as follows: “Where a taxpayer has filed a consolidated return with the Internal Revenue Service for Federal income tax purposes, it must complete its return under the act and must reflect its entire net income and entire net worth as if it had filed its Federal return on its own separate basis.”
It should be noted that other States may have addressed this situation in a different manner. For example, in California, IRC Section 338 was incorporated into State tax law by Ch. 1139, Laws of 1987. Since New Jersey does not have similar underlying statutory authority and does not recognize consolidated returns, New Jersey is unable to recognize the 338(h)(10) election.
The disallowance of the election may be illustrated by an example in which a New Jersey corporation sells a California subsidiary having no contact with New Jersey. New Jersey is not able to create a fiction allowing a New Jersey corporate taxpayer not to recognize gain on the sale of stock in its subsidiary. The issues at the State level are thus somewhat similar to those at the Federal level, which are addressed by disallowing corporations that are not located in the United States from entering into a consolidated return.
[18 New Jersey State Tax News 30 (March/April 1989).]
Fourteen months later, that same publication ran an article that “elaborated” defendant’s position. It reported that defendant would apply N.J.A.C. 18:7-11.15 to tax the New Jersey entity on the seller side of such transactions despite the fact that the “election is not recognized by New Jersey.” 19 New Jersey Staie Tax News 53 (May/June 1990).
On March 27, 1990, plaintiff filed on Dee Wood’s behalf an amended New Jersey Corporation Business Tax Return for the 1988 “short year,” which claimed a refund of $354,688, mostly for the tax Dee Wood paid on the deemed sale of its assets. Plaintiffs theory was that the policy of not recognizing the IRC § 338(h)(10) election implicitly required defendant to ignore the *216 deemed asset sale that arose solely from U.S. Home’s and Dee Wood’s election, thereby rendering the deemed asset sale a nonevent for State purposes and therefore untaxable. Defendant denied part of the refund claim relating to the deemed asset sale, but refunded $30,330.43 for other items that were unrelated to the deeméd asset sale.
On appeal, plaintiff raises the following legal arguments:
POINT i
THE TAX COURT ERRED IN DETERMINING THAT N.J.AC. 18:7-11.5(e) IS A VALID EXERCISE OF THE AUTHORITY GRANTED TO DEFENDANT UNDER N.J.AC. 54U0A-27 BECAUSE (i) ANY RECOGNITION OF INTERNAL REVENUE CODE, SECTION 338(h)(10) IS NOT CONSISTENT WITH THE NEW JERSEY SCHEME OF TAXATION, (ii) IT IS INCONSISTENT WITH N.J.A.C. 18:7-5.1(c) AND N.J.AC. 18:7-ll-15(b) WHICH REQUIRE A DETERMINATION OF “ENTIRE NET INCOME” AS IF A CONSOLIDATION RETURN HAD NOT BEEN FILED, AND (iii) IT IS INCONSISTENT WITH N.J.AC. 18:7-11.15(d) WHICH REQUIRES THE SELLER RECOGNIZE THE STOCK SALE CONSISTENT WITH THE NON-RECOGNITION OF INTERNAL REVENUE CODE, SECTION 338(h)(10).
A. N.J.AC. 18:7-11.15(e) is inconsistent with the Corporation Business Tax Act and thus invalid pursuant to N.J.S.A 54:10A-27 because any recognition of I.R.C. § 338(h)(10) is not consistent with the New Jersey scheme of taxation.
B. N.JA.C. 18:7 — 11.15(e) is an invalid exercise of the authority granted to. Defendant under N.J.S.A, 54:10A-27 because it is inconsistent with N.JAC. 18:7-5.1(c) and N.J.AC. 18:7 — 11.15(b) which require a determination of entire net income as if a consolidated return had not been filed.
C. N.J.A.C. 18:7 — 11.15(e) is an invalid exercise of the authority granted to Defendant under N.J.S.A 54:10A-27 because it is inconsistent with N.J.AC. 18:7-11.15(d) which require the seller’s recognition of the stock sale consistent with the non-recognition of I.R.C. § 338(h)(10).
POINT II
THE COURT BELOW ERRED IN ITS FINDING THAT, EVEN ABSENT N.J.AC. 18:7 — 11.15(d) AND (e), THE DENIAL OF THE REFUND CLAIM IS SUSTAINABLE UPON BROADER STATUTORY AUTHORIZATION AND SUPPORTED BY SOUND PUBLIC POLICY.
POINT III
THE COURT BELOW ERRED IN DETERMINING THAT IT NEED NOT CONSIDER THE APPLICATION OF N.J.AC. 18:7-11.15(d) BECAUSE ITS APPLICATION SIMPLY IS NOT AN ISSUE BEFORE THE COURT.
After a careful review of the record we are satisfied that the issues and contentions raised are clearly without merit. R. 2:11-3(e)(1)(E).
*217 We affirm the judgment of the Tax Court substantially for the reason set forth in Judge Rimm’s published opinion reported at 14 N.J.Tax 232 (Tax Ct.1994). We only comment that plaintiff fails to realize that N.J.A.C. 18:7-11.15(d) and N.J.AC. 18:7-11.15(e) adopt different perspectives because they address different taxpayers. Subsection (d) addresses the parent, and subsection (e) addresses the target. Neither subsection is inconsistent with N.J.SA 54:10A-4(k), which simply requires that federal net income serve as a starting point.
Affirmed.